UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMAN DAUGHTRY,

    Petitioner,

-vs-                                                  Case No. 8:04-cv-2253-T-30MSS

JAMES R. MCDONOUGH,[1]

    Respondent.
_____/

## **ORDER**

Before the Court is Petitioner's petition for federal habeas relief filed pursuant to 28 U.S.C. § 2254 challenging a state conviction entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 7). Petitioner has filed a reply to the response (Dkt. 13). The Court finds that, for the reasons set forth below, Petitioner has failed to demonstrate that he is entitled to federal habeas relief.

**Background**

On April 17, 2001, Petitioner was charged by Information with burglary of a dwelling and burglary of a structure (Dkt. 8, Ex. 1). On July 27, 2001, Petitioner pled guilty as charged (Dkt. 10, Ex. 2). Petitioner was sentenced to fifteen years prison for the burglary of a dwelling and ten years prison for the burglary of a structure (Id.).

---

[1] James McDonough, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Petitioner did not file a direct appeal. On May 15, 2003, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. Rule 3.850 (Dkt. 8, Ex. 4). On June 6, 2003, the state post-conviction court summarily denied Petitioner's Rule 3.850 motion (Dkt. 8, Ex. 5).

Petitioner appealed the denial of his Rule 3.850 post-conviction motion (Dkt. 8, Ex. 6). On January 14, 2004, the state appellate court per curiam affirmed the denial of post-conviction relief (Dkt. 8, Ex. 10); *See Daughtrv. State*, 2004 Fla. App. LEXIS 220 (Fla. 2nd DCA 2004). The state appellate court issued its mandate on April 26, 2004 (Dkt. 8, Ex. 13).

Petitioner filed his petition for writ of habeas corpus in this Court on October 8, 2004 (Dkt. 1).[2]

## Discussion

**The Petition is Time-Barred**

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. §2244(d)(1)(A).

---

[2]Although the Court received Petitioner's petition on October 13, 2004, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993).

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because Petitioner filed his request for federal habeas relief after the enactment date of the AEDPA, the petition is governed by the provisions thereof. *See Webster v. Moore*, 199 F.3d 1256, 1258-59 (11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000) (applying AEDPA provisions to petition filed in 1997 challenging 1989 conviction).

Petitioner's judgment became final on August 27, 2001, when the time for taking an appeal expired. *See McGee v. State*, 684 So. 2d 241 (Fla. 2nd DCA 1996)(treating judgment and sentence upon entry of plea as final when time for appeal expired). Accordingly, absent any collateral proceeding that tolled the federal statutory time period, Petitioner's federal habeas was due on or before August 27, 2002.

Petitioner did not file any collateral state court actions until May 11, 2003, when he filed his state Rule 3.850 motion (Dkt. 8, Ex. 4). However, that proceeding did not toll the limitations period because it was filed approximately nine months after the one-year period had expired on August 27, 2002. Any collateral application filed after expiration of the one-year period, even if properly filed, has no tolling effect. In *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert denied*, 534 U.S. 1144 (2002), the Eleventh Circuit reiterated its holding in *Webster*, 199 F.3d at 1259, that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Id*.

3

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (*quoting Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). Petitioner has failed to show that any extraordinary circumstance beyond his control made it impossible for him to file his petition for writ of habeas corpus in a timely manner. *See Helton v. Sec. for the Dept. of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

In his reply, Petitioner essentially admits that his federal habeas petition is untimely, but he claims that he is entitled to equitable tolling because he timely filed his state Rule 3.850 motion (Dkt. 13). Even though Petitioner's state Rule 3.850 motion may have been timely under state law, it was filed beyond the one-year deadline of § 2244, and cannot toll the statutory period or "reinitiate" the time period. *See Webster v. Moore, supra*, 199 F.3d at 1259. Petitioner has not alleged any facts which would show that, with due diligence, he was prevented from filing the federal petition in a timely manner.

**Conclusion**

Having considered the parties' arguments, applicable statutes, and controlling case law, this Court finds that Petitioner's request for federal habeas relief must be denied as time-barred pursuant to 28 U.S.C. 2244(d).

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ Of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 3, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
Counsel/Parties of Record